## JOE BARTINO v. STATE.

No. A-347.   Opinion Filed May 27, 1910.

(109 Pac. 80.)

**APPEAL—Absence of Evidence.** Where the prosecution fails to offer
any testimony tending to prove the offense charged, or whether
the evidence tends to prove anything pertinent to the issue, is
a question for the court; and where there is an entire absence
of evidence, a conviction will be reversed.

(Syllabus by the Court.)

*Appeal from Pittsburg County Court; R. W. Higgins, Judge.*

Joe Bartino was convicted of violation of prohibition law,
and appeals.   Reversed.

*J. H. Stolper* and *Robert Tarter,* for plaintiff in error.
*Fred S. Caldwell,* for the State.

PER CURIAM.   The plaintiff in error was convicted in the
county court of Pittsburg county on an information which charged
him with "unlawfully having in his possession and under his con-
trol certain spirituous liquor, to wit, whisky, with the intent then
and there to sell, barter, give away, and otherwise furnish."   The
judgment and sentence were entered on July 12, 1909, from which
judgment an appeal was taken by filing in this court on October 8,
1909, a petition in error with case-made attached, including proper
proof of service of notices of appeal.

Sixteen assignments of error are alleged in the petition, but
it is only necessary to consider the fifteenth, that "the verdict
of the jury is contrary to the evidence."   Counsel for the state
concedes that the evidence is insufficient to support the verdict
and judgment.   An examination of the case-made shows that no
evidence is adduced proving or tending to prove that the defend-
ant has committed any offense.   It is a cardinal principal in our
jurisprudence that the jury is the ultimate tribunal for the inves-
tigation and determination of questions of fact.   Where, however,

the prosecution fails to offer any testimony tending to prove the offense charged, or whether the evidence offered tends to prove anything pertinent to the issue is a question for the court, and where there is an entire absence of evidence to support the charge, the court should dismiss the prosecution.

There being no evidence to prove, or tending to prove, the defendant had committed any offense, the case is reversed and remanded, with direction to the lower court to dismiss the prosecution.